IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| CHRISTOPHER CRAWFORD, § | |
| § | |
| Plaintiff, § | CIVIL ACTION NO. 4:20-CV-668-RAS-CAN |
| v. § | |
| § | |
| COLLIN COUNTY DETENTION § | |
| FACILITY, § | |
| § | |
| Defendant. § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendant Collin County Detention Facility's Motion to Dismiss [Dkt. 28]. After reviewing the Motion to Dismiss, and all other relevant filings, the Court recommends the Motion to Dismiss be **GRANTED**, and further recommends Plaintiff's claims against Collin County Detention Facility be **DISMISSED**, as set forth herein.

**BACKGROUND**

On September 2, 2020, *pro se* Plaintiff Christopher Crawford ("Plaintiff") filed his Complaint in the Eastern District of Texas [Dkt. 1]. The Complaint names as "Defendant No. 1" Collin County Detention Facility and identifies the Sheriff's Office as the "employer" of the Collin County Detention Facility [Dkt. 1 at 2]. On October 26, 2020, the Court granted Plaintiff's motion to proceed *in forma pauperis* and ordered him to pay an initial partial filing fee [Dkt. 4],[1] On January 4, 2022, the Court entered a Show Cause Order, directing Defendant to answer or otherwise respond to Plaintiff's Complaint [Dkt. 26].

---

[1] On April 7, 2021, this case was transferred to U.S. District Judge Richard A. Schell [Dkt. 9]

Plaintiff's Complaint – the live pleading – asserts a § 1983 claim against Defendant Collin County Detention Facility ("CCDF" or "Defendant") [Dkt. 1]. Plaintiff pleads "wrongful arrest," "double jeopardy," and "illegal detainment" [Dkt. 1 at 4]. Underlying these claims, Plaintiff alleges his Eighth Amendment and Fourteenth Amendment rights were violated by "Defendant and Defendant's agents" because his "case(s) were dismissed by the court" and he was "released by the Collin County Detention Facility only to be rearrested days later on the same charges" [Dkt. 1 at 4; 1-1 at 1]. Plaintiff's remaining factual allegations are sparse. As injury, he pleads that he suffered a stroke from the "stress and news of hearing the County filed escape charges when they in fact allowed me to leave when my case was dismissed" [Dkt. 1 at 5]. Plaintiff seeks $100,000.00 in monetary compensation for pain and suffering, lost wages, and hospital bills related to his stroke [Dkt 1 at 5].

## MOTION TO DISMISS

On January 16, 2022, Defendant Collin County Detention Facility filed the instant Motion to Dismiss [Dkt. 28]. Defendant's Motion argues that dismissal of Plaintiff's claims under Rule 12(b)(6)[2] is proper because it is a nonjural entity, and its lack of jural existence renders it incapable of being sued [Dkt. 28 at 4-7]. On January 18, 2022, the Court ordered Plaintiff to file a response to the Motion to Dismiss [Dkt. 30]. Plaintiff requested an extension of time to respond to the Motion [Dkt. 33], which the Court granted, permitting Plaintiff to file a response no later than

---

[2] Defendants seek relief under Rule 12(b)(6). A 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. FED. R. CIV. P. 12(b)(6); *see Evans v. Reeves Cnty. Det. Ctr.*, No. P-09-CV-50, 2010 WL 11601267, at *1 (W.D. Tex. Apr. 27, 2010) ("The proper vehicle for the instant Motion to Dismiss [on the basis of nonjural entity] is Rule 12(b)(6)."); *Bowling v. Clerk of Ct., Fifth Dist. Ct. of App.*, No. 4:18-CV-610-ALM-CAN, 2019 WL 2526533, at *5 (E.D. Tex. Mar. 8, 2019) (finding Rule 12(6)(6) the proper vehicle for a motion to dismiss based upon claims against a nonjural entity), *report and recommendation adopted sub nom. Bowling v. Dahlheimer*, No. 4:18-CV-610, 2019 WL 3712025 (E.D. Tex. Aug. 7, 2019), *reconsideration denied*, No. 4:18-CV-610, 2020 WL 5096569 (E.D. Tex. Aug. 28, 2020); *Cortes v. Havens*, No. 3:14-CV-1044-B, 2014 WL 6861245, at *7 (N.D. Tex. Dec. 5, 2014) ("Because Rockwall County Sheriff's Office [a nonjural entity] is not amenable to suit, Plaintiffs' claims and request for punitive damages against the entity are without merit and are DISMISSED WITH PREJUDICE.").

May 31, 2022 [Dkt. 34]. Plaintiff received notice of such extension of time on March 18, 2022 [Dkt. 35]. To date, Plaintiff has not filed a response to the Motion.[3]

The pending Motion to Dismiss presents a narrow issue of law: whether the Collin County Detention Facility has jural existence and can be proper party to this action [Dkt. 28 at 4-7]. Under the Federal Rules of Civil Procedure, a party in a lawsuit must have the capacity to be sued. FED. R. CIV. P. 17(b). "The capacity of an entity to be sued is 'determined by the law of the state in which the district court is held.'" *Hutchinson v. Box*, No. 4:10-CV-240, 2010 WL 5830499, at *1 (E.D. Tex. Aug. 20, 2010) (quoting FED. R. CIV. P. 17(b)), *report and recommendation adopted*, No. 4:10-CV-240, 2011 WL 839864 (E.D. Tex. Feb. 17, 2011). An agency or department of a state may not be sued unless it "enjoy[s] a separate legal existence." *Hebrew v. Gonzalez*, No. 21-20585, 2022 WL 1316214, at *1 (5th Cir. May 3, 2022) (per curiam) (quoting *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991)). "In *Darby*, the Fifth Circuit held that 'unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself.'" *Halton v. Duplantis*, No. 3:12-CV-4274-B-BH, 2013 WL 1148758, at *4 (N.D. Tex. Mar. 1, 2013) (quoting *Darby*, 939 F.2d at 313), *report and recommendation adopted*, No. 3:12-CV-4274-B, 2013 WL 1155436 (N.D. Tex. Mar. 20, 2013). Plaintiff has the burden of showing a state department has capacity to be sued; "if a plaintiff fails to allege or demonstrate that such defendant is a separate legal entity having jural authority, then claims against that entity should be dismissed as frivolous and for failing to state a claim." *Rhodes v. Lewisville Police Dep't*, 4:20-CV-00007-SDJ-CAN, 2020 WL 8513792, at *3 (E.D. Tex. Dec. 2, 2020), *report and recommendation adopted*, 4:20-CV-007-SDJ, 2021 WL 515398 (E.D. Tex. Feb. 11, 2021).

---

[3] *See* Local Rule CV-7(d) ("A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion.").

REPORT AND RECOMMENDATION – Page 3

Plaintiff has not alleged that the Collin County Detention Facility has been granted the power to sue or be sued by Collin County, nor that it has jural authority to engage in litigation. The CCDF does not have a separate legal existence. The Eastern District of Texas and other federal courts in Texas have repeatedly and consistently held that a county's jail or detention facility is a nonjural entity that is not amenable to suit.[4] This Court has, in turn, applied this principle to CCDF in numerous prior cases, finding CCDF subject to dismissal due to its lack of jural existence. *See Marr v. Collin Cnty. Det. Ctr.*, No. 4:20-CV-273-RAS-KPJ, 2021 WL 4166945, at *3 (E.D. Tex. July 19, 2021) (collecting cases) ("As this Court has repeatedly held, the [Collin County] Detention Center is a non-jural entity."), *report and recommendation adopted*, No. 4:20-CV-273-RAS-KPJ, 2021 WL 4148954 (E.D. Tex. Sept. 11, 2021); *Propes v. Plano Police Dep't*, No. CIV.A.4:03 CV 87, 2005 WL 1177880, at *4 (E.D. Tex. May 18, 2005) (dismissing the CCDF for lack of jural existence).[5] Accordingly, Plaintiff's claims must be dismissed with prejudice for failure to state a claim because the Collin County Detention Facility is a nonjural entity with no capacity to be sued.[6]

---

[4] *See, e.g.*, *White v. Ermatinger*, No. 3:21-CV-3037-D-BN, 2021 WL 6339266, at *2 (N.D. Tex. Dec. 9, 2021) ("this Court has previously held that the Ellis County Jail is not a jural entity."), *report and recommendation adopted*, No. 3:21-CV-3037-D, 2022 WL 94171 (N.D. Tex. Jan. 10, 2022); *Hatton v. Harris Cnty. Jail*, No. CV H-18-1948, 2019 WL 1858826, at *2 (S.D. Tex. Apr. 25, 2019) ("the Harris County Jail because it is not a separate legal entity from Harris County and therefore it lacks the legal capacity to be sued"); *West v. Lew Sterrett Just. Ctr. of Dallas Cnty.*, No. 1:15-CV-219-SS, 2015 WL 1651539, at *3 (W.D. Tex. Apr. 14, 2015) ("Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit-and specifically that the Lew Sterrett Justice Center is not a jural entity subject to suit").

[5] Defendant's Motion cites more than a dozen opinions issued by the Eastern District of Texas for this well-established proposition [Dkt. 28 at 5-6]. *See e.g.*, *Smith v. Collin Cnty. Jail*, No. 4:11-cv-801 (E.D. Tex. June 6, 2012), ECF Nos. 37, 51 (dismissing Collin County Jail as not a separate legal entity subject to suit); *Newman v. Collin Cnty. Det. Facility*, No. 4:10-cv-463 (E.D. Tex. Mar. 3, 2011), ECF Nos. 37, 39; *Watts v. Smart*, No. 4:07-CV-443 (E.D. Tex. Mar. 18, 2008), ECF Nos. 63, 68; *Hannah v. Box*, No. 4:06-cv-39 (E.D. Tex. Nov. 6, 2006), ECF Nos. 22, 25; *Dunn v. Collin Cnty. Det. Facility*, 4:05-cv-406 (E.D. Tex. Apr. 24, 2006), ECF Nos. 20, 23; *Robinson v. Collin Cnty. Det. Facility*, No. 4:05-cv-158 (E.D. Tex. Sept. 8, 2005), ECF Nos. 21, 32; *Fox v. Collin Cnty. Det. Facility*, No. 4:04-cv-88 (E.D. Tex. June 15, 2005), ECF Nos. 52, 58; *Hernandez v. Collin Cnty. Det. Facility*, No. 4:03-cv-17 (E.D. Tex. Sept. 17, 2004), ECF Nos. 26, 28.

[6] Dismissal with prejudice is appropriate in this case. *See Fuller v. Henderson Cnty.*, No. 6:16CV1301, 2018 WL 4087559, at *2 (E.D. Tex. Aug. 6, 2018) (dismissing with prejudice plaintiff's claims against a non-jural entity), *report and recommendation adopted*, No. 6:16CV1301, 2018 WL 4053779 (E.D. Tex. Aug. 24, 2018).

While the Collin County Sheriff's Office is not listed as a Defendant to this suit, Plaintiff does include it in the style of his case and further references it as Defendant's employer. As such, the Court notes had the Sheriff's Office been named, or should Plaintiff request to amend to add it as a party,[7] the Collin County Sheriff's Office would be subject to *sua sponte* dismissal because it is also a nonjural entity.[8] *See Marshall*, 2022 WL 671009, at *3; *Story v. Ellis Cnty. Ct. 40th Dist.*, No. 3:19-CV-1994-B-BN, 2019 WL 5580143, at *1 (N.D. Tex. Aug. 30, 2019) (*sua sponte* dismissing Plaintiff's claims against nonjural entities), *report and recommendation adopted*, No. 3:19-CV-1994-B, 2019 WL 5579468 (N.D. Tex. Oct. 29, 2019)[9] *See Marshall v. Abbott*, No. 4:21-CV-384-SDJ-CAN, 2022 WL 671009, at *3 (E.D. Tex. Feb. 4, 2022) ("Plaintiff's claims must be dismissed with prejudice under Rule 12(b)(6) for failure to state a claim because the Collin County Sheriff's Office is a nonjural entity with no capacity to be sued"), *report and recommendation adopted*, No. 4:21-CV-384, 2022 WL 659159 (E.D. Tex. Mar. 4, 2022); *Charboneau v. Davis*, No. 4:13-CV-00678-ALM-CAN, 2017 WL 9250306, at *6 (E.D. Tex. Feb. 16, 2017) ("Plaintiff has not pleaded that Collin County has granted the County Department

---

[7] "Typically, the Court should accord plaintiffs who name non-jural entities as defendants an opportunity to amend to name a defendant with the capacity to be sued before dismissal of the complaint." *West*, 2015 WL 1651539, at *3 n.4 (citing *Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir.1993)). However, leave to amend is not warranted where Plaintiff had notice that the party sued lacks jural existence but fails to move to amend or even respond to the Motion. *See Jackson v. Tarrant Cnty. Corr. Ctr.*, No. 4:21-CV-187-O, 2021 WL 4805083, at *4 (N.D. Tex. Sept. 8, 2021) ("Plaintiff has been given multiple opportunities to file responses to Defendants' motions to dismiss and/or file an amended complaint. The Defendants raised the non-jural entity issue in both motions to dismiss. Thus, Plaintiff was properly alerted of this issue"), *report and recommendation adopted*, No. 4:21-CV-00187-O, 2021 WL 4803800 (N.D. Tex. Oct. 14, 2021). In addition, "the time to file objections to these findings, conclusions, and recommendation" permits Plaintiff the "opportunity to explain how he would cure the deficiencies in his initial complaint and thus show the Court that his case should not be dismissed with prejudice at this time and that the Court should instead grant him leave to amend his claims." *Ermatinger*, 2021 WL 6339266, at *2 (citing *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam)).
[8] The court possesses the inherent authority to dismiss a party (or claims) *sua sponte*. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).
[9] Other courts have also found county sheriff's offices to lack jural existence. *See Chumley v. Smith Cnty. Sheriff's Off.*, No. 6:18-CV-336, 2018 WL 6933462, at *1 (E.D. Tex. Nov. 6, 2018), *report and recommendation adopted*, No. 6:18-CV-336, 2019 WL 108485 (E.D. Tex. Jan. 4, 2019) (finding Sheriff's Office is a non-jural entity); *see also Thomas v. Harris Cnty. Sheriff's Dep't*, No. H-18-1800, 2019 WL 1201984, at *2 (S.D. Tex. Mar. 14, 2019); *Phillips v. Dallas Cnty. Sheriff's Dep't*, No. 3:16-CV-2680-D, 2017 WL 658749, at *2 (N.D. Tex. Jan. 12, 2017), *report and recommendation adopted*, No. 3:16-CV-2680-D, 2017 WL 635086 (N.D. Tex. Feb. 16, 2017).

Defendants jural authority [] the Court recommends each and every of Plaintiff's claims against the [Sheriff's Office] should be dismissed for failure to state claim"), *report and recommendation adopted sub nom. Charboneau v. Box*, No. 4:13-CV-678, 2017 WL 1159765 (E.D. Tex. Mar. 29, 2017).[10]

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends that Defendant Collin County Detention Facility's Motion to Dismiss [Dkt. 28] be **GRANTED**, and Plaintiff's claims against Defendant be **DISMISSED WITH PREJUDICE** as set forth herein.

It is further recommended that Plaintiff be advised that this dismissal counts as a strike under 28 U.S.C. § 1915, and that should he accumulate three strikes, he may be denied *in forma pauperis* status and be required to pay the full filing fee when filing additional civil actions or appeals unless he demonstrates that he is in imminent danger of serious physical injury.[11]

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed

---

[10] *See also Sullivan v. Lanier*, No. 4:20-cv-277 (E.D. Tex. June 15, 2020), ECF No. 31 (dismissing Collin County Sheriff's Office for lack of jural existence); *McKinney v. Tex. Dep't of Pub. Safety*, No. 4:10-cv-558) (E.D. Tex. Jan. 18, 2011), ECF No. 24; *Hutchinson*, 2010 WL 5830499, at *1; *Brewer v. Collin Cnty.*, No. 4:99-cv-256 (E.D. Tex. Aug. 3, 2000); *Smocks v. Ingram*, No. 4:00-cv-141 (E.D. Tex. June 29, 2000).

[11] Dismissal for failure to state a claim is grounds for a strike under the PLRA. 28 U.S.C. § 1915(g); *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 (2020) ("A dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice."). This includes dismissal of a county jail for lack of jural existence. *See Ermatinger*, 2021 WL 6339266, at *2; *White v. Ellis Cnty. Comm'rs Ct.*, No. 3:19-CV-3017-M-BH, 2021 WL 2446200, at *3 (N.D. Tex. May 19, 2021), *report and recommendation adopted*, No. 3:19-CV-3017-M-BH, 2021 WL 2435352 (N.D. Tex. June 15, 2021).

determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 18th day of August, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE